UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RAESHELE PRUITT,**

        **Plaintiff,**                      Civil Action No. 17-cv-13053

        v.                              District Judge Paul D. Borman

**COMMISSIONER OF**              Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Raeshele Pruitt seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 18). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 18) be **GRANTED**, and that the case be dismissed in its entirety.

## II.     PROCEDURAL HISTORY

In February of 2007, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she has been disabled since January 1, 2007. (TR 163-66.) The Social Security Administration initially denied Plaintiff's claims on September 28, 2009. (TR 76-83.)

On September 27, 2010, Plaintiff appeared with a representative and testified at a video hearing before Administrative Law Judge (ALJ) Cora P. Williams. (TR 60.) On December 16, 2010, ALJ Williams issued an unfavorable decision on Plaintiff's claims. (TR 57-68.) On May 24, 2012, the Appeals Council vacated ALJ Williams' decision and remanded Plaintiff's case for development of additional evidence and reconsideration of Plaintiff's residual functional capacity. (TR 72-74.)

On September 27, 2012, Plaintiff appeared with a representative and testified at a hearing before ALJ Martha Gasparovich. (TR 12.) On November 13, 2012, ALJ Gasparovich issued an unfavorable decision on Plaintiff's claims. (TR 9-14.) On January 29, 2014, the Appeals Council denied Plaintiff's request for review of ALJ Gasparovich's decision. (TR 1-3.) On September 29, 2015, United States District Judge Paul D. Borman remanded the matter to Defendant Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), with direction to further consider HIV as an impairment under steps two through five of the sequential evaluation. (TR 584, 635-36.)

On April 25, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Richard L. Sasena. (TR 607-33.) On September 13, 2016, ALJ Sasena issued an unfavorable decision on Plaintiff's claims. (TR 581-99.) Plaintiff requested review of ALJ Sasena's decision by the Appeals Council, which was denied on July 18, 2017. (TR 576-78.)

2

On September 16, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 15; docket no. 18.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 15, pp. 7-16.) In addition, the ALJ summarized Plaintiff's medical record (TR 586-97), and Defendant adopted the ALJ's recitation of the facts (docket no. 18, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, and that Plaintiff did not engage in substantial gainful activity since January 1, 2007, the alleged onset date. (TR 586.) The ALJ found that Plaintiff had the following severe impairments: "HIV+, morbid obesity (5'2" 328#), history of umbilical hernia and uterine fibroids, history of iron deficiency anemia with blood transfusion, neuropathy, major depressive disorder, and panic attacks." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 587.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

- Plaintiff requires an option to alternate between sitting and standing every 15 minutes;

- Plaintiff can never climb ladders, ropes or scaffolds;

- Plaintiff can no more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl;

- Plaintiff can perform no more than simple, routine, repetitive tasks (requiring little judgment and that can be learned in a short period);

- Plaintiff cannot perform production line work;

- Plaintiff cannot interact with the public and can have no more than occasional interaction with coworkers.

(TR 589.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of occupations that exist in significant numbers in the national economy. (TR 598.) Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (TR 599.)

**V.     LAW AND ANALYSIS**

   **A.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*

4

*v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

Plaintiff contends that the ALJ erred by determining that she does not have an impairment or combination of impairments that meets or medically equals the severity of Listing 14.08 (now 14.11) in 20 CFR Part 404, Subpart P, Appendix 1. (Docket no. 15, p. 7.) In particular, Plaintiff asserts that the ALJ "failed to take full account of Plaintiff's HIV-related debilitations" in his review of Listing 14.08. (*Id.* at 18.) A claimant meets Listing 14.08 by providing evidence of:

> Human immunodeficiency virus (HIV) infection [and] [r]epeated . . . manifestations of HIV infection . . . resulting in significant, documented symptoms or signs (for example, severe fatigue, fever, malaise, involuntary weight loss, pain, night sweats, nausea, vomiting, headaches, or insomnia) and one of the following at the marked level: 1. Limitation of activities of daily living; 2. Limitation in maintaining social functioning; 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Part 404, Subpart P, Appendix 1.

6

In his decision, the ALJ noted that Plaintiff is HIV positive, but also observed that Plaintiff's HIV was asymptomatic when Plaintiff adhered to the prescribed treatment regimen. (TR 588.)  In particular, the ALJ observed that Plaintiff's HIV was described as "stable" and/or "asymptomatic" in January 2011 (TR 478), November 2011 (TR 475), May 2012 (TR 472), and June 2012 (TR 470).  In addition, the ALJ referred to treatment notes from January 2007 through April 2008 which "consistently reveal[ed] reports of missed medication."  (TR 587.)   Defendant directs the Court's attention to several additional records consistent with those highlighted by the ALJ, including the report of a September 2009 physical consultative examination stating that Plaintiff was "HIV positive on antiretroviral medications with no sign of complications or opportunistic infection."  (Docket no. 18, pp. 10-11; TR 547-48.)

Plaintiff contends that this analysis fails to account for the following purportedly HIV-related symptoms: "chronic anemia, headaches, diarrhea, constipation, muscle aches and pains, Hepatitis C, repeated infections including long-term viral infection of the blood, chronic abdominal pain, HPV, tingling and pain in the legs and feet, swelling of the hands and feet, repeat conjunctiva, shortness of breath from fatigue, dizziness, and lymphadenopathy."  (Docket no. 15, p. 20.)  Plaintiff asserts that these conditions cause marked limitations in her ability to "complet[e] tasks in a timely manner due to deficiencies in concentration, persistence, or pace."  (*Id.*)

However, as the ALJ observed, Plaintiff's treatment records reflect that her HIV was stable and asymptomatic when properly medicated.  (TR 423 ("asymptomatic, stable HIV"), 470 ("HIV: asymptomatic, stable on ART [and] tolerating med[ication]"), 472 ("HIV stable but [decreased] CD4 [and increased] viral load" with Plaintiff "missing multiple doses of meds"), 475 ("HIV stable"), 478 ("asymptomatic, stable HIV"), 548 ("no sign of complications or

7

opportunistic infection"), 857 ("HIV – asymptomatic, stable on ART"), 867 (same), 869 ("HIV – stable, asymptomatic"), 872 ("HIV – asymptomatic").) This evidence supports the ALJ's determination that Plaintiff's HIV did not "result[] in significant, documented symptoms or signs" within the meaning of Listing 14.08.

In addition, substantial evidence supports the ALJ's determination that Plaintiff has only moderate limitations in "activities of daily living," "social functioning" and "completing tasks in a timely manner due to deficiencies in concentration, persistence or pace." The ALJ observed that Plaintiff "is able to prepare simple meals, perform personal care activities, go grocery shopping with a motorized cart, and perform household chores, such as laundry and cleaning," that Plaintiff "hold[s] guardianship of her niece and nephew," that Plaintiff was able to "perform simple calculations, as well as restate five numbers forward, three numbers backwards, and three objects after three minutes," and that Plaintiff "was able to maintain sufficient attention and concentration, as well as respond adequately to all questions presented, throughout the hearing." (TR 588-89.) Plaintiff offers no persuasive evidence to contradict this determination, which in itself precludes a finding that she meets Listing 14.08.

Accordingly, substantial evidence supports the ALJ's determination that Plaintiff's impairments do not meet or medically equal the severity of Listing 14.08.

## VI.   CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 18) be **GRANTED**, and that the case be dismissed in its entirety.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 2, 2018    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 2, 2018                    s/ Leanne Hosking
                                       Case Manager