UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAESHELE PRUITT,

        Plaintiff,               Case No. 17-cv-13053

v.                                     Paul D. Borman
                                      United States District Judge

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF       Mona K. Mazjoub
SOCIAL SECURITY,                United States Magistrate Judge

        Defendant.
_____/

**<u>OPINION AND ORDER:
(1) OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 20);
(2) ADOPTING IN PART THE REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE MONA K. MAJZOUB (ECF NO. 19);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 15); and
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 18);</u>**

On July 2, 2018, Magistrate Judge Mona K. Mazjoub issued a Report and Recommendation addressing the outstanding motions in this action. (Report and Recommendation, ECF No. 19.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff's January 12, 2018 Motion for Summary Judgment (ECF No. 15), grant Defendant's Motion for Summary Judgment (ECF No. 18), and dismiss the case in its entirety.

Now before the Court is Plaintiff's Objection to the Report and

Recommendation. (Pl.'s Obj., ECF No. 20.) Defendant filed a timely Response. (ECF No. 21.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will reject Plaintiff's Objection and adopt in part the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (Report and Recommendation at PgID 2061-66, ECF No. 19, Transcript of Social Security Proceedings at 423-872 (hereinafter "Tr. at ___").) The following summary contains only the facts essential to the Court's evaluation of Plaintiff's objection.

On September 27, 2012, Plaintiff appeared with a representative and testified at a hearing before ALJ Martha Gasparovich. (Tr. at 12.) On November 13, 2012, ALJ Gasparovich issued an unfavorable decision on Plaintiff's claims. (Tr. at 9-14.) On January 29, 2014, the Appeals Council denied Plaintiff's request for review of ALJ Gasparovich's decision. (Tr. at 1-3.) On September 29, 2015, this Court remanded the matter to Defendant Commissioner of Social Security pursuant to

sentence four of 42 U.S.C. § 405(g), with direction to further consider HIV as an impairment under steps two through five of the sequential evaluation. (Tr. at 584, 635-36.) On April 25, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Richard L. Sasena. (Tr. at 607-33.)

ALJ Sasena found that Plaintiff had the following severe impairments: "HIV+, morbid obesity (5'2" 328#), history of umbilical hernia and uterine fibroids, history of iron deficiency anemia with blood transfusion, neuropathy, major depressive disorder, and panic attacks." (Tr. at 586) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. at 587.) Concerning HIV, the ALJ determined that Plaintiff did not meet the necessary criteria for disability under Listing 14.08, HIV infection. (Tr. 587.)

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

- o Plaintiff requires an option to alternate between sitting and standing every 15 minutes;
- o Plaintiff can never climb ladders, ropes or scaffolds;
- o Plaintiff can no more than occasionally climb ramps or stairs, balance,

      stoop, kneel, crouch, or crawl;

- o Plaintiff can perform no more than simple, routine, repetitive tasks (requiring little judgment and that can be learned in a short period);

- o Plaintiff cannot perform production line work;

- o Plaintiff cannot interact with the public and can have no more than occasional interaction with coworkers.

(Tr. at 589.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of occupations that exist in significant numbers in the national economy. (Tr. at 598.)

Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (Tr. at 599.) Plaintiff requested review of ALJ Sasena's decision by the Appeals Council, which was denied on July 18, 2017. (Tr. at 576-78.) On September 16, 2017, Plaintiff commenced this action for judicial review. (ECF No. 1.) This Court referred issuance of a report and recommendation to the Magistrate Judge on September 18, 2017. (ECF No. 4.) The Parties filed cross motions for summary judgment. (Pl.'s Mot. for Summ. J., Jan. 12. 2018, ECF No. 15; Def.'s Mot. for Summ. J., Mar. 30, 2018, ECF No. 18).

In the Report and Recommendation, the Magistrate Judge recommended that

the Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Although the Magistrate Judge comprehensively addressed all of the issues raised by the parties, Plaintiff submitted the following objection: the Magistrate Judge's conclusion that Plaintiff did not meet paragraph "B" criteria for mental health listing did not discharge the requirement to evaluate the effects, as to HIV impairment, of side effects, anemia, and other impairments, and, therefore, the ALJ did not follow the Court's directive to perform an "HIV-specific analysis." (Pl.'s Obj. ECF No. 20, PgID 2069-70.) For the reasons stated below, the Court will reject Plaintiff's objection and adopt in part the Magistrate Judge's Report and Recommendation.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint

those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision,

'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

In a two-sentence objection, Plaintiff contends that the ALJ did not perform an "HIV specific analysis" upon remand. (Pl.'s Obj. ECF #20, PgID 2069-70.) Defendant argues that the objection simply reiterates arguments in Plaintiff's Motion for Summary Judgment and therefore does not merit a response, but also that the Magistrate Judge carried out the requisite "HIV-specific analysis." (Def.'s Resp. ECF #21, PgID 2072.)

On April 25, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Richard L. Sasena. (Tr. at 607-33.) At Step Two, the ALJ found that Plaintiff had the following severe impairments: "HIV+, morbid obesity (5'2" 328#), history of umbilical hernia and uterine fibroids, history of iron deficiency anemia with blood transfusion, neuropathy, major depressive disorder, and panic attacks." (Tr. at 586.)

At Step Three, the ALJ went through Plaintiff's history regarding the severe impairment of HIV, focusing on the negative correlation between Plaintiff's treatment compliance (HAART therapy) and viral loads. (Tr. 587.) The ALJ determined that Plaintiff did not meet the criteria under Section 14.08[1] based on the

---

[1] To meet or equal a 14.08 listing for an HIV Impairment, a claimant must suffer from HIV as demonstrated by lab test results, and demonstrate one of a number of symptoms and limitations, including a bacterial or viral infection, malignant

evidence in the record that when Plaintiff was compliant with treatment, her HIV was stable and asymptomatic. (Tr. 587.) Further, medical records stated that Plaintiff was tolerant of HIV medications and was not suffering from side effects. (*Id.*) Plaintiff's Objection does not specify any particular symptom or side effect that was not analyzed. The Magistrate Judge included several citations to the record supporting the ALJ's conclusion that Plaintiff's HIV was stable and asymptomatic when she was taking her medication, and that she was tolerating her medications well. (Report and Recommendation, ECF #19, PgID 2065-66.)

The Magistrate Judge also affirmed the ALJ's conclusion that Plaintiff was only moderately limited in each of In the paragraph B criteria of "activities of daily living," "maintaining social functioning," and "completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace," and accordingly did not meet the 14.08 Listing definition. (ECF #19, PgID 2066.) The Court does not adopt that particular conclusion of the Report and Recommendation, but this does not affect the outcome regarding either Parties' Motion for Summary Judgment.

---

neoplasms, cognitive or motor dysfunction, wasting syndrome, or demonstrate the infection via lab test results plus a marked limitation (1) in "activities of daily living," (2) "in maintaining social functioning," or (3) "in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.08. 14.00F.

9

In Step Four of the analysis, the ALJ assessed the "paragraph B" criteria as to Plaintiff's mental health impairments, rather than as to any HIV-related impairment. (Tr. At 588.) Therefore, the Court does not adopt the conclusion that the ALJ's paragraph B analysis precluded a finding that Plaintiff met the Listing for 14.08 because that analysis was not applicable to the HIV Listing. However, as discussed above, due to the fact that the the ALJ determined that Plaintiff's HIV was asymptomatic, stable, and Plaintiff was having no notable reactions to her medication, it is harmless error that the ALJ did not assess the paragraph B criteria as to Plaintiff's HIV "impairments." Such an analysis would have resulted in a finding of no limitations.

Therefore, this Court overrules Plaintiff's objection to the Recommendation and Report.

### IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objection (ECF No. 20);

- ADOPTS IN PART the Report and Recommendation of Magistrate Judge Mona K. Majzoub (ECF No. 19);

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 15); and

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 18);

    IT IS SO ORDERED.

Dated: March 27, 2019                     <u>s/Paul D. Borman</u>
                                                      Paul D. Borman
                                                      United States District Judge